# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| DARRELL LAMONT BAILEY,<br><br>*Petitioner*,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS,<br><br>*Respondent*. | Civil Action No. 18-848 (RDM) |

## MEMORANDUM OPINION

Petitioner is a federal prisoner who is currently incarcerated at the United States Penitentiary in Florence, Colorado. In his petition for a writ of habeas corpus, Bailey alleges that his conviction under 18 U.S.C. § 2113(d) is invalid and that the sentencing court had no jurisdiction over his case. Dkt. 1 at 2–3. He also alleges that he was improperly sentenced for having violated 18 U.S.C. § 2113(d) because, in his view, that section requires that the defendant have been convicted of violating *both* 18 U.S.C. § 2113(a) *and* 18 U.S.C. § 2113(b), yet he was convicted for a violation of only 18 U.S.C. § 2113(a). *Id.* Finally, although difficult to follow, he also appears to allege that "clerks" unlawfully served as "de facto judges" in handling various aspects of his case. *Id.* at 4 ("Clerks did paperwork," "chambers of Judges sent" or "[r]eturned . . . filings").

Bailey's legal theories are not pellucid. It is clear, however, that he seeks the invalidation of his previous convictions. *Id.* at 5. Such a challenge, however, must be brought under 28 U.S.C. § 2255 in the court that imposed the sentence. *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (describing § 2255 as "ordinarily the sole remedy for a federal prisoner challenging the legality of his conviction or sentence"); *see also* 28 U.S.C. §2255(a) ("A prisoner in custody

under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Although courts often transfer habeas petitions that have been filed in the wrong district, doing so here would serve no purpose, because Bailey cannot file another petition under § 2255 without appellate court authorization. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided by in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that district courts lack jurisdiction to consider "second or successive" petitions under § 2244 when petitioners have not first obtained authorization from the relevant court of appeals); *United States v. Bailey*, No. 94 C 6832, 1995 WL 302441, at *10 (N.D. Ill. May 16, 1995) (denying a previous petition brought under § 2255 challenging Bailey's original conviction and sentence).

The Court will, accordingly, **DENY** Bailey's petition for a writ of habeas corpus, Dkt. 1. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 18, 2018