# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DARRELL LAMONT BAILEY,

*Petitioner*,

v.

JEFFERSON B. SESSIONS, III,

*Respondent*.

Civil Action No. 18-848 (RDM)

## MEMORANDUM OPINION

Petitioner Darrell Lamont Bailey is a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado. Dkt. 1 at 1. On March 30, 2018, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that his conviction under 18 U.S.C. § 2113(d) is invalid and that the sentencing court lacked jurisdiction over his case. Dkt. 1 at 2–3. This Court denied Bailey's petition for lack of jurisdiction. Dkt. 2. This matter is now before the Court on Bailey's motion for reconsideration under Federal Rule of Civil Procedure 60(b). Dkt. 4. Because Bailey has failed to demonstrate that reconsideration is warranted or that this Court has jurisdiction over his § 2255 petition, the Court will deny the motion and dismiss this case.

## I. BACKGROUND

In 1990, Petitioner Darrell Lamont Bailey "was convicted of bank robbery with a dangerous weapon, possession of a firearm as a felon, and using a firearm during a crime of violence." *United States v. Bailey*, No. 94 C 6832, 1995 WL 302441, at *1 (N.D. Ill. 1995). He "was sentenced to a thirty-five year prison term" by the U.S. District Court for the Northern

District of Illinois, and his "conviction was upheld on direct appeal." *Id*. at *1 (citing *United States v. Bailey*, 957 F.2d 439 (7th Cir. 1994)).

On March 30, 2018, Bailey filed a petition for a writ of habeas corpus in this Court, claiming that "he was improperly sentenced for having violated 18 U.S.C. § 2113(d) because, in his view, that section requires that the defendant have been convicted of violating *both* 18 U.S.C. § 2113(a) *and* 18 U.S.C. § 2113(b), yet he was convicted for a violation of only 18 U.S.C. 2113(a)." Dkt. 2 at 1. The Court dismissed the petition because it was not filed "in the court that imposed the sentence." *Id.* (citing *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017)). Although district courts can, if appropriate, transfer habeas petitions that have been filed in the wrong district, the Court declined to do so in Bailey's case because it would have "serve[d] no purpose" given that "Bailey cannot file another petition under § 2255 without appellate court authorization." Dkt. 2 at 2; *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals."); *Bailey*, 1995 WL 302441, at *9 (denying Bailey's first habeas petition).

Bailey now moves for reconsideration pursuant to Rule 60(b). Dkt. 4.

## II. LEGAL STANDARD

Rule 60(b) permits courts to relieve a plaintiff from "a final judgment" for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud . . . , misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) "bears the burden of showing that he or she is entitled to the relief," *United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 17 (D.D.C. 2017), and "the decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the [d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension*

*v. Pittston Co.,* 984 F.2d 469, 476 (D.C. Cir. 1993). A Rule 60(b) motion does not afford a plaintiff "an opportunity to retry her case," *Greer v. Paulson*, 505 F.3d 1306, 1317 (D.C. Cir. 2007), and relief under the catchall provision in Rule 60(b)(6) is warranted only in "extraordinary circumstances," *Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates,* 481 F.3d 788, 790 (D.C. Cir. 2007)).

### III. ANALYSIS

Bailey's motion for reconsideration is not easily parsed. He simply lists various statutes, rules, and judicial decisions, referring at times to Rule 201 of the Federal Rules of Evidence, 28 U.S.C. § 2255, 28 U.S.C. § 2241, the writ of coram nobis, and Rule 60(b). Dkt. 4 at 1, 5. He appears to assert that he was sentenced to a term of 30 years' imprisonment, even though the relevant statutory maximum was 25 years; he refers to the ineffective assistance of counsel; and he refers to the suspension of writ of habeas corpus. *Id.* Most notably, however, it appears that he seeks the same relief he previously sought—release from his term of incarceration. *See id.*; *Bailey*, 1995 WL 302441, at *1.

In light of the above, the Court concludes that Bailey has not satisfied the Rule 60(b) standard. He has not provided the Court with "newly discovered evidence," evidence of "fraud," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Moreover, as the Court's prior decision explained, 28 U.S.C. § 2255 authorizes prisoners "claiming the right to be released" to move only "*the court which imposed the sentence*" to correct or vacate a sentence. 28 U.S.C. § 2255(a) (emphasis added). Because this Court did not impose Bailey's sentence, it lacks jurisdiction to entertain his petition. None of the cases cited in Bailey's motion alter this fact.

3

## CONCLUSION

The Court will, accordingly, **DENY** Bailey's motion for reconsideration, Dkt. 4, and **DISMISS** this case.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 3, 2018